**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2523-18T4

SINALY SYLLA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and FORWARD AIR SERVICES,
LLC,

     Respondents.

_____

Submitted January 21, 2020 – Decided February 3, 2020

Before Judges Sabatino and Geiger.

On appeal from the Board of Review, Department of Labor, Docket No. 160,946.

Sinaly Sylla, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Christopher W. Weber, Deputy Attorney General, on the brief).

Respondent Forward Air Services, LLC, has not filed a brief.

PER CURIAM

In this appeal from the denial of unemployment benefits, the Board of Review found claimant Sinaly Sylla was ineligible for such benefits under N.J.S.A. 43:21-5(a), because he left work voluntarily without good cause attributable to the work. The Board's final agency decision, dated November 28, 2018, followed a telephonic hearing before an Appeal Tribunal in October 2018.

Appellant was a forklift driver. He had been employed by Forward Air Services for four years. His last day of work was May 17, 2018. He was arrested and incarcerated on a drug charge the following day. He also faced immigration issues. Appellant was unable to post bail and remained incarcerated until he was released from custody on July 27, 2018. Work was available for him at the time he was arrested and separated from employment. Regardless of whether appellant's incarceration was justified, his inability to perform his duties for his employer was not attributable to his work.

Pursuant to the applicable statute, N.J.A.C. 12:17-9.1(e)(10), separation from employment shall be considered voluntary where the separation is for incarceration. Accordingly, appellant did not meet his burden of proof under

the statute.  See also Haley v. Bd. of Review, ___ N.J. Super. ___ (App. Div. 2020).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION